UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES SCHWAB & CO., INC.,   ) | |
| )   | |
| Plaintiff,   ) | |
| )   | |
| v.   ) | No. 1:15-cv-01148-TWP-DKL |
| )   | |
| THOMAS STALEY, and   ) | |
| J.P. MORGAN SECURITIES LLC,   ) | |
| )   | |
| Defendants.   ) | |

### ORDER ON MOTION FOR LEAVE TO FILE MATERIALS UNDER SEAL AND TO SEAL PORTIONS OF TESTIMONY AT THE PRELIMINARY INJUNCTION HEARING

This matter is before the Court on a Motion for Leave to File Materials Under Seal and to Seal Portions of Testimony at the Preliminary Injunction Hearing filed by Plaintiff Charles Schwab & Co., Inc. ("Charles Schwab") ([Filing No. 61](#)). Defendants Thomas Staley and J.P. Morgan Securities LLC filed a response to the Motion, asserting that they do not object to Charles Schwab's Motion in principle, but they do disagree as to the confidentiality of some of the exhibits, which Charles Schwab intends to offer at the preliminary injunction hearing ([Filing No. 64](#)). Despite this disagreement, the Defendants have agreed to keep those documents confidential.

This Court is a court of public record. "Documents that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). However, "[t]he presumption can be rebutted. A litigant is allowed, for example, to conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." *Id.*

Charles Schwab points to the case of *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999), in support of its argument to seal materials, yet that

case specifically explains that a district court cannot "grant[] a virtual carte blanche to either party to seal whatever portions of the record the party want[s] to seal. . . . The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Id.* In short, litigants who enjoy publicly subsidized dispute resolution should expect public oversight. *Union Oil Co. v. Leavell*, 220 F.3e 562, 568 (7th Cir. 2000). The Court is not satisfied that Charles Schwab has met its burden to overcome the presumption of public access. Therefore, the Court **DENIES** Charles Schwab's Motion for Leave to File Materials Under Seal and to Seal Portions of Testimony at the Preliminary Injunction Hearing. However, the Court will allow the parties to offer into evidence redacted exhibits to protect confidential information and will allow the continued use of initials for Charles Schwab's clients. The Court directs the parties to use the initials of clients during the preliminary injunction hearing if they desire to keep the identity of such clients confidential.

**SO ORDERED.**

Date: 9/3/2015

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ronald W. Buchmeier
BLACKWELL, BURKE & RAMSEY, P.C.
rbuchmeier@bbrlawpc.com

Thomas Barlow Blackwell
BLACKWELL, BURKE & RAMSEY, P.C.
tblackwell@bbrlawpc.com

John F. Marsh
HAHN LOESER & PARKS LLP
jmarsh@hahnlaw.com

Kari R. Roush
HAHN LOESER & PARKS LLP
65 E. State Street, Suite 1400
Columbus, OH 43215

Amanda L.B. Mulroony
HOOVER HULL TURNER LLP
amulroony@hooverhullturner.com

Andrew W. Hull
HOOVER HULL TURNER LLP
awhull@hooverhullturner.com

Wayne C. Turner
HOOVER HULL TURNER LLP
wturner@hooverhullturner.com

Leonard Weintraub
PADUANO & WEINTRAUB, LLC
lweintraub@pwlawyers.com